**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA**,** | : | CASE NO. 1:16-CR-246 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE SARA LIOI |
| vs. | : | |
| | : | |
| KENNETH SMITH, | : | **SENTENCING MEMORANDUM** |
| | : | **FOR KENNETH SMITH** |
| Defendant. | : | |

Defendant Kenneth Smith, through undersigned counsel, submits the instant Sentencing Memorandum for the Court's consideration and requests a sentence, as calculated and reviewed pursuant to Title 18, United States Code §§ 3553(a) and 3661, that is sufficient but not greater than necessary to achieve the statutory goals of sentencing. Counsel attaches the following Memorandum to assist the Court in fashioning Mr. Smith's sentence.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/ Jeffrey B. Lazarus*
JEFFREY B. LAZARUS
Assistant Federal Public Defender
Ohio Bar: 0079525
1660 W. 2nd Street, Suite 750
Cleveland, Ohio 44113
Telephone: (216) 522-4856
Facsimile: (216) 522-4321
jeffrey_lazarus@fd.org

Attorney for Kenneth Smith

1

## MEMORANDUM

### I.      Introduction

Defendant Kenneth Smith now appears for resentencing. This Court previously sentenced Mr. Smith, but his sentence was vacated and remanded by the Sixth Circuit Court of Appeals. As detailed by the presentence report, Mr. Smith's sentencing guideline range is 120 months, which is the mandatory minimum statutory term under Count Two. For reasons stated herein, he requests this Court impose a sentence of 120 months, which is within his guideline range. Such a sentence would be sufficient but not greater than necessary to achieve the statutory goals of sentencing.

### II.     Procedural History and Guideline Range

The federal grand jury returned a two-count indictment against Mr. Smith on August 3, 2016, charging him with illegally possessing a firearm. Dkt. 1. A superseding indictment was later filed adding a charge of possessing with intent to distribute drugs. Dkt. 11. Regarding the drug count, while Mr. Smith's possession of 30 grams of crack cocaine initially subjected him to a statutory range of five to forty years, the government filed an enhancement, under 21 U.S.C. § 851, thereby increasing his statutory range on that charge to ten years to life. Dkt. 15. On September 30, 2016, Mr. Smith pled guilty to both counts of the superseding indictment. Dkt. 20.

At sentencing before this Court on April 5, 2017, this Court found Mr. Smith qualified as a career offender, resulting in a sentencing guideline range of 262 to 327 months. This Court chose to vary downward from the guideline range and sentenced Mr. Smith to 240 months of imprisonment. Dkt. 30. Mr. Smith filed an appeal to the Sixth Circuit purely on the issue of whether he qualified as a career offender.

On September 23, 2019, the Sixth Circuit found that Mr. Smith's felonious assault conviction did not qualify as a career offender predicate and chose to vacate his sentence and remand for resentencing. Dkt. 39. This Court then appointed the Office of the Federal Public Defender to represent Mr. Smith for his resentencing hearing.

The Probation Department has completed an updated presentence report. Dkt. 43. Mr. Smith has no objections to the report and concurs with the guideline calculations set forth. The two counts are grouped for guidelines purposes. Due to the drugs involved in the offense, 30 grams of crack cocaine and 30 grams of marijuana, Mr. Smith's base offense level is 24. PSR at ¶ 22. He receives a two-level enhancement because a firearm was involved. PSR at ¶ 23. Because Mr. Smith has accepted responsibility for his offense, he receives a three-level reduction, resulting in a total offense level of 23. PSR at ¶¶ 29-31. Mr. Smith has a Criminal History Category of V, resulting in a sentencing guideline range of 84 to 105 months. However, because Mr. Smith is subject to a statutory mandatory minimum term of 120 months in Count Two, his sentencing guideline range becomes 120 months.

## III.    Kenneth Smith's Request for 120 months

At Mr. Smith's original sentencing hearing in 2017, this Court was presented with a lengthy sentencing memorandum and supplement by his counsel. Dkt. 27; Dkt. 29. This Court also heard an extensive recitation of Mr. Smith's personal history and circumstances by his counsel. Dkt. 36, Sentencing Tr. Of note is that Mr. Smith himself spoke to this Court, apologizing for his offenses, and detailing his commitment to improving himself during service of his sentence in the Bureau of Prisons. Dkt. 36, Sentencing Tr., PageID 483-84. Having heard all these arguments, this Court chose to vary downward from Mr. Smith's sentencing guideline range.

It has been nearly three years since Mr. Smith's original sentencing hearing. At the first sentencing hearing, Mr. Smith vowed to take advantage of the programs offered by the Bureau of Prisons and improve himself as a person. In the three years since he made that promise, Mr. Smith has delivered in the best way he could. Attached to this Memorandum as Exhibit A is Mr. Smith's Inmate Skills Development Plan. This plan, authored by the Bureau of Prisons, details the progress Mr. Smith has made over the last three years. Most noteworthy, as set forth on page two, is that Mr. Smith has had no disciplinary infractions during his incarceration. Further, he has taken an overwhelming number of education courses. Ex. A, pp. 1-2. Mr. Smith had previously obtained his GED, so most of the courses he has taken were college level courses; the courses with the prefix "GSC" mean that they are courses offered by Glenville State College, an accredited university located in the same city as the federal prison. *See www.glenville.edu*. The courses Mr. Smith has taken, and completed are mainly in the area of business. He hopes to start his own business when his custodial sentence is completed.

After this Court imposes sentence and he is returned to the institution, he plans on continuing his education with the goal of earning his Bachelor's Degree. Mr. Smith has also engaged in the prison's employment opportunities. He has been enrolled in the UNICOR program, Ex. A, p. 1, which has offered him an apprenticeship program where he has learned such employment skills as welding and material handling. Mr. Smith hopes to continue these employment efforts upon his return to the Bureau of Prisons.

Mr. Smith is very proud of the education and employment opportunities he has achieved since his sentencing hearing in 2017. While these opportunities have helped Mr. Smith obtain knowledge, and skill he feels they have also helped him mature and given him insight and direction as to where he wants to take his life. He asks this Court to consider these rehabilitative

4

efforts in fashioning his sentence. *See Pepper v. United States*, 131 S. Ct. 1229, 1241 (2011) (a defendant's post-sentencing rehabilitation is a valid consideration under the statutory sentencing factors set forth in 18 U.S.C. § 3553; post-sentencing rehabilitation "sheds light on the likelihood that he will engage in future criminal conduct, a central factor that district courts must assess when imposing sentence.").

Mr. Smith also asks this Court to consider the two letters of support, which are attached as Exhibit B. The first letter is written by his mother, Ondra Smith. Ms. Smith recognizes the maturity and growth that Kenneth has gone through since his arrest in this case, and asks this Court for leniency in imposing sentence. The second letter is written by Kenneth's aunt, and details the positive aspects of his character for this Court to consider. Mr. Smith asks this Court to consider these letters in fashioning his sentence.

## IV.    Conclusion

In consideration of Mr. Smith's rehabilitative efforts, the letters of support, and all the other statutory sentencing factors, he requests this Court impose a sentence of 120 months. But for the mandatory minimum statutory, Mr. Smith's guideline range would be 84 to 105 months, but his guideline range becomes the statutory mandatory minimum. Therefore, a sentence of 120 months is sufficient but not greater than necessary, and he asks the Court to impose such a sentence.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/ Jeffrey B. Lazarus*
JEFFREY B. LAZARUS
Assistant Federal Public Defender
1660 W. 2nd Street
Skylight Office Tower, Suite 750
Cleveland, Ohio 44113
Telephone: (216) 522-4856; Fax: (216) 522-4321
E-Mail: jeffrey_lazarus@fd.org

Attorney for Kenneth Smith